LILYAN TAYLOR, Respondent, v. DAVID TAYLOR, Appellant. TRUSTEES OF THE PENSION FUND OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, Respondent.— In a separation action, plaintiff-respondent moved for an order of sequestration in respect of appellant's interest in the pension fund of the police department of the City of New York, and appellant cross-moved to modify the judgment of separation by reducing the amount of alimony awarded. The appeal is from an order granting plaintiff-respondent's motion. Order modified (1) by inserting a paragraph providing that the final judgment be modified by striking therefrom the award of $22 and substituting in place thereof $16; and (2) by striking from the second and third ordering paragraphs the figures "$22.00" and "$2.00" and substituting in place thereof "$16.00" and "$4.00", respectively. As thus modified the order is affirmed, without costs. In our opinion, the award of $22 made in 1945, when appellant was on active duty in the police department, is now excessive, when he is retired, and should be reduced to $16 a week. It is also our opinion that a payment of $2 a week on account of arrears of $968 is insufficient and should be increased to $4 a week. Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.

■

DIANE VANCE et al., by Their Guardian ad Litem, GLADYS VANCE, Appellants, et al., Plaintiffs, v. NEWSDAY et al., Respondents.— The first, second, fifth and sixth causes of action are under sections 50 and 51 of the Civil Rights Law on behalf of the infant plaintiffs. The third cause of action seeks to recover damages for personal injuries alleged to have been sustained by infant plaintiff Diane Vance and the fourth cause of action is by her mother, plaintiff Gladys Vance, for medical expenses and loss of services resulting from such personal injuries. The first, second, fifth and sixth causes of action were dismissed at the end of the plaintiffs' case, and the jury rendered a verdict in favor of plaintiffs Diane and Gladys Vance against defendants on the third and fourth causes of action. The infant plaintiffs appeal from the judgment entered thereon insofar as it dismisses the first, second, fifth and sixth causes of action. Judgment, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

■

(January 25, 1954.)

■

JAMES A. ANDREWS, Respondent, v. 98 MONTAGUE, INC., et al., Appellants.— Motion for leave to appeal to the Court of Appeals denied. The time of appellants Alpert and Sherman to answer is extended until ten days from the entry of the order hereon. Present — Nolan, P. J., Adel, Wenzel, Beldock and Murphy, JJ. [See 282 App. Div. 1066.]

■

IRVING COHEN, Respondent, v. RACHEL MERRIAM, Appellant.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Adel, Wenzel and Beldock, JJ.; Murphy, J., not voting.